# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM A. KING, ) | |
| ) | |
| Plaintiff, ) | Case. No 15-CV-3836 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| O'REILLY AUTOMOTIVE, INC. d/b/a ) | |
| O'REILLY AUTO PARTS, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff William A. King ("King") filed a pro-se complaint against defendant O'Reilly Automotive, Inc. ("O'Reilly") alleging that O'Reilly discriminated against King based on his age in violation of the Age Discrimination in Employment Act. O'Reilly moves to dismiss the complaint for failure to state a claim on which relief may be granted. For the reasons stated below, O'Reilly's motion [8] is granted without prejudice.

**Background**

The following factual allegations are taken from the complaint and are accepted as true for the purposes of ruling on the instant motion. King alleges that O'Reilly discriminated against him on or about October 21, 2012. (Dkt. 1 ¶¶ 6, 9). At that time, O'Reilly employed King as a delivery specialist at its store in Wheaton, Illinois. (Dkt. 1 ¶¶ 4, 12). The position of delivery specialist did not allow for promotion or advancement within the company. (*Id.* ¶ 12). King contends that, by virtue of his training and experience, he was qualified for other positions within the company that would have provided him with opportunities for further advancement. (*Id.*). Those positions, however, were given to younger employees who were unqualified and who lacked King's work experience. (*Id.*) King complained about this and was subsequently terminated on April 14, 2014. (*Id.* Ex. A). King filed a charge of discrimination with the Equal Employment Opportunity

Commission ("EEOC") on January 20, 2015. (*Id.* ¶ 7). After receiving his notice of right to sue, King filed this pro-se action on May 1, 2015. (*Id.* ¶¶ 7, 8).

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. The allegations must contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 1973, 167 L.Ed.2d 929 (2007). Although Rule 8 does not require a plaintiff to plead particularized facts, the complaint must allege factual "allegations that raise a right to relief above the speculative level." *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). Put differently, Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), *see also* Fed. R. Civ. P. 8(a). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012). When considering a pro-se complaint, the Court must construe it liberally and hold it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett*, 658 F.3d at 751.

**Discussion**

O'Reilly contends that King's complaint is not timely under the ADEA and should be dismissed. Under the ADEA, it is unlawful for an employer to "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C.A. § 623(a)(1). In this instance, the ADEA required that King file his charge of discrimination with the EEOC within 300 days of the allegedly discriminatory practice. 29 U.S.C.A. § 626(d)(1)(B). Here, King asserts that he was discriminated against "on or about" October 21, 2012. Because King did not file his charge of

discrimination with the EEOC until January 20, 2015, his charge of discrimination was not filed within 300 days of the allegedly discriminatory act and was therefore untimely. See 29 U.S.C.A. § 626(d)(1)(B). Accordingly, King's complaint must be dismissed.

This Court is not persuaded otherwise by King's assertion, raised in response to O'Reilly's motion, that his charge of discrimination was timely because it alleged that O'Reilly created a hostile work environment and was therefore subject to the continuing violation theory. As an initial matter, this Court notes that the Seventh Circuit has only assumed, but never held, that a hostile work environment claim can be brought under the ADEA. *Racicot v. Wal-Mart Stores, Inc.*, 414 F.3d 675, 678 (7th Cir. 2005). Even assuming that such a claim can be brought, King has not plausibly pled a hostile work environment claim. A hostile work environment is an environment that is both objectively and subjectively offensive, based on the "frequency of the discriminatory conduct; its severity; [and] whether it is physically threatening or humiliating, or a mere offensive utterance . . . ." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). Here, King's assertion that O'Reilly created a hostile work environment is wholly unsupported by any factual allegations describing discriminatory conduct or specifying when such conduct occurred. Accordingly, King has failed to state a plausible and timely hostile work environment claim.

**Conclusion**

For the foregoing reasons, O'Reilly's motion to dismiss is granted and this case is dismissed without prejudice. King has thirty days to file a motion for leave to amend his complaint or this matter will be dismissed with prejudice.

SO ORDERED.

Sharon Johnson Coleman
United States District Court Judge

DATED: December 11, 2015