# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM A. KING, ) | |
| ) | |
| Plaintiff, ) | Case. No 15-CV-3836 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| O'REILLY AUTOMOTIVE, INC. d/b/a ) | |
| O'REILLY AUTO PARTS, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff William A. King ("King") filed an amended complaint in this action alleging that O'Reilly Automotive, Inc. ("O'Reilly") discriminated and retaliated against him based on his age in violation of the Age Discrimination in Employment Act ("ADEA"). O'Reilly now moves this Court to dismiss King's amended complaint because it fails to state a claim on which relief may be granted. For the reasons that follow, O'Reilly's motion is granted in part and denied in part.

**Background**

The following factual allegations are taken from the amended complaint and are accepted as true for the purpose of ruling on this motion. King was initially hired by O'Reilly as a parts specialist on August 21, 2012. (Dkt. 25 ¶ 12). He was subsequently demoted to the position of delivery specialist on October 21, 2012. (*Id.*). The position of delivery specialist entailed driving and delivering parts at the discretion of management. (*Id.* at ¶ 13). King contends that he was clearly overqualified for this position in light of his training and experience in the auto parts industry. (*Id.*). The parts specialist position was subsequently given to two newly hired employees, both of whom were over twenty-five years younger than King and lacked his training and experience (*Id.*). Throughout King's employment, O'Reilly continued to hire younger, less qualified employees as parts specialists. (*Id.*). King repeatedly requested that he be reinstated as a parts specialist and

1

challenged why management was denying those requests. (*Id.*). On April 14, 2014, King was fired from his position as a delivery specialist. (*Id.* ¶ 14). On January 20, 2015, King filed a Charge of Discrimination with the EEOC, stating that:

> I began employment with Respondent on or about August 21, 2012 and my most recent job classification was Delivery Specialist. During my employment, I was disciplined. I was discharged on or about April 14, 2014.
>
> I believe I have been discriminated against because of my age, 73 (DOB: December 21, 1940), in violation of the Age Discrimination in Employment Act of 1967, as amended.

*(Id.)*. A Notice of Right to Sue subsequently issued on January 30, 2015. (*Id.*).

King, then proceeding pro se, filed his original complaint in this action on May 1, 2015, alleging that O'Reilly had discriminated against him on or about October 21, 2012. O'Reilly moved this Court to dismiss that complaint for failure to state a claim. This Court granted that motion, holding that King's complaint was not timely under the ADEA because King had not filed his EEOC Charge of Discrimination within 300 days of the alleged discriminatory conduct, as is required by 29 U.S.C. § 626(d)(1)(B). Accordingly, this Court dismissed King's complaint without prejudice. King subsequently filed the amended complaint now at issue, which alleges that O'Reilly violated the ADEA by (a) terminating King's employment, (b) failing to place King in a job category that would provide him with the opportunity for promotion and advancement within the company, (c) failing to stop harassment against King, (d) retaliating against King, and (e) intentionally discriminating against King by conducting an unwarranted disciplinary process that had as its basis age discrimination against him. O'Reilly now moves to dismiss the amended complaint.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. The allegations must contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S.

2

544, 569 n.14, 127 S.Ct. 1955, 1973, 167 L.Ed.2d 929 (2007). Although Rule 8 does not require a plaintiff to plead particularized facts, the complaint must contain factual "allegations that raise a right to relief above the speculative level." *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). Put differently, Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), *see also* Fed. R. Civ. P. 8(a). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012).

**Discussion**

As an initial matter, this Court notes that King alleges additional facts and theories of liability in his response brief that were not alleged in his amended complaint. Because this Court may look only to the well-pleaded allegations in the complaint for the purpose of deciding a motion to dismiss under Rule 12(b)(6), this Court will disregard all factual allegations and claims for relief that King raises for the first time in his response brief. *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) ("It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

O'Reilly contends that the amended complaint is barred under the ADEA's statute of limitations and therefore must be dismissed. As a precondition to filing suit under the ADEA, a plaintiff must comply with the ADEA's administrative filing requirements. *Perkins v. Silverstein,* 939 F.2d 463, 469–470 (7th Cir. 1991). Those requirements are not jurisdictional prerequisites, which pose an absolute bar to suit, but rather conditions precedent that are subject to equitable modification. *Id.*

The ADEA requires that a charge of discrimination must be filed "within 300 days after the alleged unlawful practice occurred . . . ." 29 U.S.C. § 626(d)(2). Determining when this filing period begins requires an identification of what the precise unlawful employment practice at issue is and when the allegedly discriminatory acts underlying that practice took place. *Hamilton v. Komatsu Dresser Indus., Inc.*, 964 F.2d 600, 603 (7th Cir. 1992). Failure to allege compliance with the administrative filing requirements or to assert an equitable basis for modifying the requirement can constitute grounds for dismissal. *Perkins*, 939 F.2d at 470.

King concedes that his demotion from Parts Specialist to Delivery Specialist occurred on October 21, 2012, more than three hundred days prior to the filing of his Charge of Discrimination with the EEOC. King argues, however, that the continuing violations doctrine renders his charge of discrimination timely because his demotion was part of a pattern of discriminatory acts that was only discernable to King upon his termination. Indeed, a suit may be based on conduct that occurred outside the statute of limitations where "it would have been unreasonable to expect the plaintiff to sue before the statute ran on that conduct, as in a case in which the conduct could constitute, or be recognized, as actionable harassment only in the light of events that occurred later, within the period of the statute of limitations." *Galloway v. General Motors Service Parts Operations*, 78 F.3d 1164, 1167 (7th Cir. 1996), *overruled on other grounds by National* R.R. *Passenger Corp. v. Morgan*, 536 U.S. 101, 117–118, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). Kings allegations, however, are not specific enough to support the inference that O'Reilly engaged in a pattern of discrimination because it is unclear from the allegations how many times King was subsequently denied promotions in favor of younger candidates or when those incidents occurred. Nor has King offered any argument as to why he was unable to recognize that his demotion was discriminatory until his termination one-and-a-half years later. *See Morgan*, 536 U.S. at 114 ("[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify.").

4

O'Reilly next contends that King's retaliation claim cannot be maintained because King failed to exhaust his administrative remedies. The ADEA, like Title VII, requires the exhaustion of EEOC administrative remedies before bringing a lawsuit. *Johnson v. Beach Park School Dist.*, 103 F. Supp. 3d 931, 935 (N.D. Ill. 2015). A plaintiff is therefore limited to those claims alleged in his EEOC charge and to those claims "reasonably related" to those alleged in the charge. *Swearnigen-El v. Cook County Sheriff's Dept.*, 602 F.3d 852, 864 (7th Cir. 2010). To be reasonably related, the claims must, at a minimum, describe the same conduct and implicate the same individuals. *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994).

Here, King does not argue that his retaliation claim is reasonably related to the allegations in his EEOC charge. Nor could he, given that his EEOC charge sets forth no facts from which retaliation could be inferred. Instead, King appears to argue that his failure to allege retaliation in his EEOC charge should be overlooked because he completed the charge without the assistance of counsel and because necessary evidence to support a retaliation theory will not be available to King absent discovery. King offers, and this Court is aware of, no legal authority permitting the waiver of the ADEA's exhaustion requirement on those grounds. Accordingly, King's retaliation claim has not been exhausted and must be dismissed.

O'Reilly further contends that King's remaining claims are insufficiently pled and therefore must be dismissed. King's amended complaint alleges that O'Reilly failed to place him in a job category that would provide for advancement within the company, failed to stop harassment, and conducted an unwarranted disciplinary process motivated by age discrimination. King, however, has made no specific factual allegations in his Amended Complaint evincing harassment or suggesting that he was subject to discipline during his employment with O'Reilly. And King's unelaborated assertion that the position he held did not provide for advancement, absent more, does not state a

legally cognizable claim for relief.  Accordingly, these conclusory allegations are insufficient to establish claims under the ADEA.

Finally, O'Reilly contends that this Court should dismiss King's remaining claim that his termination was an act of age discrimination because "Plaintiff's Amended Complaint contains so many precluded allegations it should be dismissed in its entirety."  Because O'Reilly has not independently argued that King has failed to state a claim of discriminatory termination, this Court will not dismiss that portion of King's complaint.

**Conclusion**

For the foregoing reasons, O'Reilly's motion to dismiss is granted with respect to King's retaliation claim, his age discrimination claim arising from his demotion to delivery specialist, his harassment claim, and his discrimination claim arising from alleged disciplinary actions.  The motion is denied with respect to King's claim that his termination was in and of itself discriminatory.

SO ORDERED.

_____
Sharon Johnson Coleman
United States District Court Judge

DATED: April 13, 2016